UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CESAR RESHAWN MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>Warden FRANCISCO QUINTANA,<br><br>Respondent. | Case No. CV 10-5606-PSG (SH)<br><br>MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY |

## I. INTRODUCTION

On July 28, 2010, petitioner, a prisoner in federal custody, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition") herein, ostensibly pursuant to 28 U.S.C. § 2241. It appears from the face of the Petition that petitioner currently is incarcerated at USP-Victorville, pursuant to a sentence imposed on November 16, 2006 following petitioner's conviction in the United States District

Court for the Western District of Texas. (Petition at 2). The Petition alleges, in four claims, that the government suppressed material evidence concerning informant Danny Cruz that was favorable to the defense, in violation of petitioner's rights to due process and a fair trial under the Fifth and Sixth Amendments. (See Petition at 3-4, Attachment at 1-4).

## II. DISCUSSION

"In general, [28 U.S.C.] § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2001).[1] "Generally, motions to contest the legality of a sentence must be filed under [28 U.S.C.] § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000); Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir. 1990). A prisoner may proceed under 28 U.S.C. § 2241 if "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.[2] "Because Congress made a deliberate choice to give jurisdiction over § 2241 petitions and § 2255 motions to different courts, a district court is obligated to determine whether a petition falls under § 2241, pursuant to the savings clause, or under § 2255." Hernandez, supra, 204 F.3d at 866.

---

[1] Under 28 U.S.C. § 2255:
"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentences, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."
As the Supreme Court observed in United States v. Addonizio, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979), the statute "was intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court."

[2] This provision of § 2255 is referred to as the "savings clause."

1. Here, the Court finds that petitioner's Petition should be construed as a § 2255 Petition because petitioner is challenging the legality of his conviction suffered in the United States District Court for the Western District of Texas.

2. Petitioner appealed his conviction to the Fifth Circuit Court of Appeals, raising different claims than the claim(s) alleged in the Petition herein. (See Petition at 2-3). In an unpublished Opinion issued on August 14, 2007, the Fifth Circuit Court of Appeals affirmed the Judgment. See United States v. Martinez, 235 Fed.Appx. 322 (5th Cir. 2007).

3. Petitioner filed a § 2255 petition with the United States District Court for the Western District of Texas. Although petitioner alleges that he did not raise the same claim(s) as the claim(s) alleged in the Petition herein (see Petition at 4), it appears that petitioner did in fact raise inter alia the same claim(s) as the claim(s) alleged in the Petition herein. (See www.pacer.org, CM/ECF Live U.S. District Court, Western District of Texas, docket sheet numbers 322 and 323). On March 3, 2009, the United States for the Western District of Texas denied that petition, stating in pertinent part, "There simply is not enough evidence to put the case in such a different light as to undermine confidence in the jury verdict. As such Movant has failed to sufficiently allege a *Brady* violation." (See id., docket sheet number 324).

4. The fact that the United States District Court for the Western District of Texas already rejected the claim(s) raised in the Petition herein does not make a § 2255 motion an "inadequate or ineffective" remedy. Moreover, the fact that petitioner may be procedurally barred from alleging his present claim in a § 2255 motion in the United States District Court for the Western District of Texas, or may be denied permission to file a successive § 2255 motion, does not render the remedy of a § 2255 motion "inadequate or ineffective." See e.g., Ivy v. Pontesso, 329 F.3d 1057, 1059-60 (9th Cir.), cert. denied, 540 U.S. 1051 (2003); United States v. Thiele, 314 F.3d 399, 401 (9th Cir. 2002); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999), cert. denied, 528 U.S. 1178 (2000).

3

### III. ORDER

Accordingly, the United States District Court for the Central District of California does not have jurisdiction over the Petition, and the Petition should be dismissed.

ACCORDINGLY, IT IS ORDERED that the Petition be dismissed without prejudice.

DATED:   August 2, 2010

_____
PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented by:
Dated: August 2, 2010

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

4